Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PINNACLE INSTALLATIONS, INC., a California Corporation, <br><br> Defendant. | Case No.: C12-5536 EMC <br><br> **NOTICE OF ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation" or "Judgment") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant PINNACLE INSTALLATIONS, INC., a California corporation, and/or alter egos and/or successor entities ("Defendant"), as follows:

Defendant entered into a valid Collective Bargaining Agreement with the District Council No. 16 of the International Union of Painters and Allied Trades and the Northern California Glass Management Association (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. Douglas Henry Whitsitt hereby acknowledges that he is authorized to receive service and has received the following documents in this action on behalf of all named Defendants: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Case Management Standing Order for Magistrate Judge Maria-Elena James; Standing Order for All Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF Registration Information Handout; Welcome to the U.S. District Court; Notice of Assignment to a Magistrate Judge, Consent, Declination; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge, Notice of Impending Reassignment to a United States District Court Judge; Order (Reassignment to Judge Charles R. Breyer); Order of Recusal; Order (Reassignment to Judge Edward M. Chen).

3. Defendant has become indebted to the Trust Funds as follows:

| | | | | |
|---|---|---|---|---|
| | Stipulation for Entry of Judgment – Conditional balance as of 8/16/12 | | $13,190.14 | |
| | 5% p/a Interest on Conditional Balance (8/17/12-11/13/12) | | $159.00 | |
| | Conditionally waived Liquidated Damages (Stipulation for Entry of Judgment) | | $42,734.12 | |
| | | | | $56,083.26 |
| | 5/12 | 20% Liquidated damages | $1,021.76 | |
| | | 5% p/a Interest (to date of payment) | $77.00 | |
| | | | | $1,098.76 |
| | 6/12 | Contribution balance | $15,156.31 | |
| | | 20% Liquidated damages | $7,821.90 | |
| | | 5% p/a Interest (8/1/12-11/13/12) | $477.18 | |
| | | | | $23,455.39 |
| | 7/12 | Contributions | $37,944.66 | |
| | | 20% Liquidated Damages | $7,588.92 | |
| | | 5% p/a Interest (9/1/12-11/13/12) | $384.64 | |
| | | | | $45,918.22 |
| | 8/12 | Contributions | $58,947.84 | |
| | | 20% Liquidated Damages | $11,789.57 | |
| | | 5% p/a Interest (10/1/12-11/13/12) | $355.30 | |
| | | | | $71,092.71 |
| | 9/12 | Contributions | $50,387.15 | |
| | | 20% Liquidated Damages | $10,077.43 | |

|  | 5% p/a Interest (11/1/12-11/13/12) | $89.73 |  |
|---|---|---|---|
|  |  |  | $60,554.31 |
| 10/12 | Contributions | $72,194.66 |  |
|  | 20% Liquidated Damages | $14,438.93 |  |
|  |  |  | $86,633.59 |
| Liquidated damages (8/11-10/11, 2/12-4/12) |  |  | $56,904.37 |
| 10% p/a Interest on late-paid 8/11-10/11, 2/12-4/12 contributions) |  |  | $1,902.39 |
| Attorney's fees (9/30/11-11/8/12) |  |  | $8,326.00 |
| Cost of Suit |  |  | $384.91 |
| **TOTAL** |  |  | ***$412,353.91*** |

4. Defendant shall *conditionally* pay the amount of **$259,976.91**, representing all above amounts, less conditionally waived liquidated damages in the amount of **$152,377.00**. *This conditional waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on or before January 25, 2012, and continuing on or before the 25th day of each month thereafter, for a period of eighteen (18) months, through June 25, 2014, Defendant shall pay to Plaintiffs the amount of **$16,000.00** per month.

(b) Payments may be made by joint check, cashier's check or other irrevocable form of payment, to be endorsed to Plaintiffs prior to submission.

(c) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

(d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum from November 14, 2012, in accordance with the Collective Bargaining Agreements and Plaintiffs' Trust Agreements.

(e) Checks shall be made payable to the *District Council 16 Health and Welfare Trust Fund*, and delivered on or before each due date to Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, to be received on or before the 15th day of each month.

(f) At the time that Defendant makes its 17th payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to

Saltzman and Johnson Law Corporation with the 17th payment.  Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.  Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is current. If the waiver is granted, upon bank clearance of Defendant's last payment of the conditional balance and confirmation that Defendant's account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However, if the waiver is denied, monthly payments will continue until all liquidated damages not waived have been paid.

(g) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant shall pay all additional attorneys' fees and costs incurred by Plaintiffs regardless of whether or not Defendant defaults herein. All additional amounts due pursuant to the provisions hereunder shall also be paid in full with the April 25, 2014 stipulated payment.

(h) Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

5. Beginning with contributions due for hours worked by Defendant's employees during the month of November 2012, which are due by December 15, 2012, and delinquent if not received by the last business day of the month, and for every month thereafter, Defendants **shall remain current in reporting and payment of any contributions** due to Plaintiffs under the current Collective Bargaining Agreements and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendant shall submit a copy of the contribution report for each month, together with a copy of those payment checks, either by email to both bwilliams@sjlawcorp.com and vanessa@sjlawcorp.com, or by facsimile to Blake E. Williams at 415-882-9287, or to such other email or fax number as may be specified by Plaintiffs, <u>concurrent with sending the payment to the Trust Fund office</u>.** Failure by Defendant to timely submit copies of current contribution reports and payments or report of "no employees," if applicable, to Blake E. Williams as described above shall constitute a default of the

obligations under this agreement and the provisions of ¶11 shall apply.

6. Defendant shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs by using copies of the attached *Exhibit A*, including, but not limited to, the name and address of job, general contractor information, certified payroll if a public works job, and period of work. **Defendant shall submit said updated list each month together with the contribution report (as required in above ¶5, by fax or email) to Blake E. Williams.** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports will be emailed or faxed to Blake E. Williams, concurrently with their submission to the general contractor, owner or other reporting agency. Failure by Defendant to timely submit updated job lists shall constitute a default of the obligations under this agreement.

7. Failure by Defendant to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8. <u>Audit</u>: Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement.

(a) In the event that Defendant has an audit in progress, but not yet complete

1  (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees.

(b)  Defendant will be provided with ten (10) days in which to review the audit, and provide any evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Blake E. Williams, made payable to *District Council 16 Health and Welfare Trust Fund.*

(c)  If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d)  If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

(e)  If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f)  Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

9.  DOUGLAS HENRY WHITSITT ("Guarantor") acknowledges that he is the CEO/RMO/President of Pinnacle Installations, Inc. Douglas Henry Whitsitt specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein. Douglas Henry Whitsitt also confirms that he is personally guaranteeing the amounts due pursuant

1  to the terms of this Stipulation and further acknowledges that all affiliates, related entities and
2  successors in interest to Pinnacle Installations, Inc., and/or any subsequent entity wherein Douglas
3  Henry Whitsitt is a principal shall also be bound by the terms of this Stipulation as Guarantors,
4  and also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.

5       10.     In the event that any check is not timely submitted, is submitted by Defendant but
6  fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is
7  responsible, Defendant shall be considered to be in default of the Judgment entered. If Defendant
8  fails to submit its contribution reports, and/or certified payroll reports (if any) and/or job lists,
9  and/or fail to comply with *any* of the terms of the Stipulation herein, this too shall constitute a
10 default. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default
11 *within seven (7) days of the date of the notice from Plaintiffs*.  If caused by a failed check, default
12 will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and
13 Johnson Law Corporation within the seven (7) day cure period.  If Defendant elects to cure said
14 default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by*
15 *cashier's check* at Plaintiffs' request.  In the event default is not cured, all amounts remaining due
16 hereunder shall be immediately due and payable on demand by Plaintiffs.

17      11.     In the event that Defendant/Guarantor fails to make any payment required under ¶4
18 above, or fail to remain current in any contributions under ¶5 above or fail to timely provide the
19 monthly documents required by ¶¶5 and 6 herein, and that such default is not timely cured, the
20 following will occur:

21      (a)     The entire balance of **$412,353.91**, as specified in ¶3, plus interest, but
22 reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid
23 contributions then due, plus 20% liquidated damages and 5% per annum interest on the unpaid or
24 late paid contributions, shall be immediately due and payable, together with any attorneys' fees
25 and costs incurred during the term of this Stipulation;

26      (b)     A Writ of Execution may be obtained against Defendant/Guarantor without
27 further notice, in the amount of the unpaid balance, plus any additional amounts under the terms
28 herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any

payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default.

    (c) Defendant/Guarantor waives notice of Entry of Judgment and any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor.

    (d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

  12. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

  13. In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

  14. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor and all of its control group members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

  15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

1 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said
2 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
3 Stipulation.

4    16.   This Stipulation contains all of the terms agreed by the parties and no other
5 agreements have been made.  Any changes to this Stipulation shall be effective only if made in
6 writing and signed by all parties hereto.

7    17.   This Stipulation may be executed in any number of counterparts and by facsimile,
8 each of which shall be deemed an original and all of which shall constitute the same instrument.

9    18.   Defendant/Guarantor represents and warrants that it has had the opportunity to be
10 or have been represented by counsel of its own choosing in connection with entering this
11 Stipulation under the terms and conditions set forth herein, that it has read this Agreement with
12 care and is fully aware of and represents that it enters into this Stipulation voluntarily and without
13 duress.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

-9-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-5536 EMC**
P:\CLIENTS\GLACL\Pinnacle Installations\Pleadings\Stipulations\C12-5536 EMC Judgment Pursuant to Stipulation 122112.DOC

19.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

| | |
|---|---|
| Dated: December 28, 2012 | **PINNACLE INSTALLATIONS, INC.** |
| | By: /S/Douglas Henry Whitsitt<br>Douglas Henry Whitsitt, CEO/RMO/President |
| Dated: December 28, 2012 | **DOUGLAS HENRY WHITSITT** |
| | By: /S/ Douglas Henry Whitsitt<br>Douglas Henry Whitsitt, Individually |
| Dated: January 3, 2013 | **SALTZMAN & JOHNSON**<br>**LAW CORPORATION** |
| | By: /S/Blake E. Williams<br>Blake E. Williams<br>Attorneys for Plaintiffs |

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____1/14_____, 2013          _____
                                          UNITED STATES DISTRICT COURT JUDGE

*IT IS SO ORDERED — Judge Edward M. Chen (United States District Court, Northern District of California seal)*

***EXHIBIT A***

**JUDGMENT PURSUANT TO STIPULATION**

*JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Blake E. Williams, Esq., at (415) 882-9287 on the 25th day of each month \*\*\***

**Employer Name: PINNACLE INSTALLATIONS, INC.**

**Report for the month of _____   Submitted by: _____**

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

***\*\*\* Attach additional sheets as necessary \*\*\****