Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br>v.<br><br>PINNACLE INSTALLATIONS, INC., a California Corporation,<br><br>Defendant. | Case No.: C12-5536 EMC<br><br>**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION; and [PROPOSED] ORDER THEREON** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation" or "Judgment") by and between the parties hereto, that this First Amended Judgment Pursuant to Stipulation shall be entered in the within action in favor of the Plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant PINNACLE INSTALLATIONS, INC., a California corporation, and/or alter egos and/or successor entities ("Defendant"), as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the District Council No. 16 of the International Union of Painters and Allied Trades and the Northern

California Glass Management Association (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. Defendant has become indebted to the Trust Funds as follows:

| **Original Stipulated Judgment**[1] | | | |
|---|---|---|---|
| Conditional amount due (Original Judgment): | $259,976.91 | | |
| Principal payments ($271,999.28 less 5% interest of $11,944.84): | *(-$260,054.44)* | | |
| **Conditional balance remaining due on Original Judgment:** | | | **(-$77.53)** |
| Conditionally-waived LDs (Original Judgment) (condition not met): | | $152,377.00 | |
| Attorneys' fees (11/9/12-8/6/14): | | $23,401.50 | |
| Costs (11/9/12-8/6/14): | | $263.76 | |
| **Subtotal (Original Judgment balance):** | | | **$175,964.73** |
| **Additional Contributions Due** | | | |
| 5/14 Contribution Balance[2] | | $12,577.11 | |
| 20% LDs (5/14 contributions--of $54,898.14): | | $10,979.63 | |
| 5% Interest (5/14 contributions) (7/1/14-7/8/14)[3]: | | $52.64 | |
| 5% Interest (5/14 contribution balance) (7/8/14-8/27/14): | | $86.50 | |
| | | | |
| 6/14 Contributions[4] | | $57,697.60 | |
| 20% LDs (6/14 contributions) | | $11,539.52 | |
| 5% Interest (6/14 contributions) (8/1/14-8/29/14): | | $221.20 | |
| | | | |
| 7/14 Contributions: | | $58,986.27 | |
| 20% LDs (7/14 contributions) | | $11,797.25 | |
| 5% Interest (7/14 contributions) (9/1/14-9/2/14): | | $8.08 | |
| **Subtotal (Additional Contributions Due)** | | | **$163,945.80** |

Chart continued on next page

[1] This is the balance currently remaining due on the January 14, 2013 Judgment Pursuant to Stipulation between the parties

[2] This amount was paid on 8/27/14. Once the check clears the bank it will be credited toward the balance due.

[3] Plaintiffs received a partial payment of $42,321.03 on July 8, 2014 toward Defendant's 5/14 contributions, leaving the balance of $12,577.11 due.

[4] This amount was paid on 8/29/14. Once the check clears the bank it will be credited toward the balance due.

| **Additional LDs and Interest due, late payments** | | | |
|---|---|---|---|
| 20% LDs on 4/13 contributions of $51,949.24: | $10,389.85 | | |
| 20% LDs on 10/13 contributions of $89,973.09: | $17,994.62 | | |
| 20% LDs on 12/13 contributions of $66,270.33: | $13,254.07 | | |
| 20% LDs on 1/14 contributions of $66,782.59: | $13,356.52 | | |
| 20% LDs on 3/14 contributions of $73,787.51: | $14,757.50 | | |
| 20% LDs on 4/14 contributions of $59,041.36: | $11,808.27 | | |
| **Subtotal (Liquidated Damages on additional late-paid contributions)** | | **$81,560.83** | |
| 5% Interest on 4/13 contributions | $15.66 | | |
| 5% Interest on 10/13 contributions | $12.33 | | |
| 5% Interest on 12/13 contributions | $515.56 | | |
| 5% Interest on 1/14 contributions | $685.08 | | |
| 5% Interest on 3/14 contributions | $635.95 | | |
| 5% Interest on 4/14 contributions | $265.03 | | |
| **Subtotal (Interest on additional late-paid contributions):** | | **$2,129.61** | |
| **Subtotal (Incurred on unpaid and late-paid contributions):** | | | **$83,690.44** |
| **GRAND TOTAL DUE:** | | | **$423,523.44** |

3. Defendant shall ***conditionally*** pay the amount of **$155,269.21**, representing all above amounts, less conditionally waived liquidated damages in the amount of **$268,254.23**. *This conditional waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation*, as follows:

(a) Payment of $12,577.11 for Defendant's May 2014 contribution balance was received on August 27, 2014 and shall be credited to the balance due once the check clears the bank;

(b) Payment of $57,697.60 for Defendant's June 2014 contributions was received on August 29, 2014 and shall be credited to the balance due once the check clears the bank;

(c) Payment of $58,986.27 is to be received by Plaintiffs' counsel on or before September 30, 2014.

(d) Defendant shall report August 2014 contributions as required pursuant to the terms of the Collective Bargaining Agreement. Payment of Defendant's August 2014

contributions[5] is to be received on or before October 31, 2014;

(e) Beginning on or before November 15, 2014, and continuing on or before the 15th of each month for a period of twelve (12) months, Defendant shall pay to Plaintiffs the amount of **$2,226.00**;

(f) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

(g) Payments may be made by cashier's check or by joint check to be endorsed by Defendant prior to submission. Payments made by joint check may be applied toward Defendants' monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested shall be applied to the time period covered by the release if that period is unpaid. If the period of the release has been paid (i.e. through April 2014), that payment shall be applied to Stipulation balance.

(h) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum starting September 2, 2014, in accordance with the Collective Bargaining Agreements and Plaintiffs' Trust Agreements.

(i) Checks shall be made payable to the *District Council 16 Health and Welfare Trust Fund*, and delivered on or before each due date to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, to be received on or before the 15th day of each month.

(j) At the time that Defendant makes its 11th payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with the 11th payment. Such waiver will not be

[5] This amount is not yet known as the August report are contributions are not due until September 15, 2014

considered until and unless all other amounts are paid in full and Defendant's account is current. If the waiver is granted, upon bank clearance of Defendant's last payment of the conditional balance and confirmation that Defendant's account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However, if the waiver is denied, monthly payments will continue until all liquidated damages not waived have been paid.

(k) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant shall pay all additional attorneys' fees and costs incurred by Plaintiffs regardless of whether or not Defendant defaults herein. All additional amounts due pursuant to the provisions hereunder shall also be paid in full with the October 15, 2015 stipulated payment.

(l) Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.

4. With the exception of contributions owed for the month of August 2014, which may be paid on or before October 31, 2014, beginning with contributions due for hours worked by Defendant's employees during the month of September 2014, and for every month thereafter, until this Judgment is satisfied, Defendant's contributions shall be received on or before the 15th day of the month following that during which hours were worked, and Defendant **shall remain current in reporting and payment of any contributions** due to Plaintiffs.

**Defendant shall submit its monthly contribution reports and payments directly to Plaintiffs' attorneys' office**, to the attention of Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs. Plaintiffs may require that Defendant pay contributions electronically by wire transfer. Failure by Defendant to timely submit current contribution reports and payments, or a report of "no employees" if applicable, and/or failure to submit current contribution payment electronically if requested as described above, shall constitute a default of the obligations under this agreement and the provisions of ¶10 shall apply.

5. Defendant shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs by using copies of the attached *Exhibit A*, including, but not limited to, the name and address of job, general contractor information, certified payroll if a public works job, and period of work. **Defendant shall submit said updated list each month together with the contribution report (as required in above ¶4, by fax or email) to Michele R. Stafford.** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports will be emailed or faxed to Michele R. Stafford, concurrently with their submission to the general contractor, owner or other reporting agency. Failure by Defendant to timely submit updated job lists shall constitute a default of the obligations under this agreement.

6. Failure by Defendant to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

7. Audit: Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement.

(a) In the event that Defendant has an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand

to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees.

(b) Defendant will be provided with ten (10) days in which to review the audit, and provide any evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford, made payable to *District Council 16 Health and Welfare Trust Fund.*

(c) If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

(e) If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f) Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

8. DOUGLAS HENRY WHITSITT ("Guarantor") acknowledges that he is the CEO/RMO/President of Pinnacle Installations, Inc. Douglas Henry Whitsitt specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein. Douglas Henry Whitsitt also confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and

successors in interest to Pinnacle Installations, Inc., and/or any subsequent entity wherein Douglas Henry Whitsitt is a principal shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.

9. In the event that any check is not timely submitted, is submitted by Defendant but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered. If Defendant fails to submit its contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or fail to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default. If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be immediately due and payable on demand by Plaintiffs.

10. In the event that Defendant fails to make any payment required under ¶3 herein, or fails to remain current in any contributions as provided by ¶4 herein, or fails to timely provide the monthly documents required by ¶5 herein, and in the event that such default is not timely cured, the following will occur:

(a) The entire balance of **$423,523.44**, as specified in ¶2 herein, plus interest, but reduced by principal payments received from Defendant, in addition to any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest on the unpaid or late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation.

(b) A Writ of Execution may be obtained against Defendant/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing

as of the date of default.

(c) Defendant/Guarantor waives notice of Entry of Judgment and any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor.

(d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

11. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

12. In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

13. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor and all of its control group members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

14. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

15. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

16. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17. Defendant/Guarantor represents and warrants that it has had the opportunity to be or have been represented by counsel of its own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of and represents that it enters into this Stipulation voluntarily and without duress.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: September 2, 2014 **PINNACLE INSTALLATIONS, INC.**

By: /S/
Douglas Henry Whitsitt, CEO/RMO/President

Dated: September 2, 2014 **DOUGLAS HENRY WHITSITT**

By: /S/
Douglas Henry Whitsitt, Individually as Guarantor

Dated: September 5, 2014 **SALTZMAN & JOHNSON LAW CORPORATION**

By: /S/
Michele R. Stafford
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: 9/9, 2014

UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
GRANTED
Judge Edward M. Chen


P:\CLIENTS\GLACL\Pinnacle Installations\Pleadings\Stipulations\Finalized - First Amended Judgment Pursuant to Stipulation.doc

***EXHIBIT A***

**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**

***JOB REPORT FORM***

***** Updated report must be faxed or E-mailed to Michele R. Stafford, Esq., at (415) 882-9287 and/or mstafford@sjlawcorp.com, concurrently with monthly contributions*****

**Employer Name: PINNACLE INSTALLATIONS, INC.**

**Report for the month of ____________________ Submitted by: _______________________**

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

****** Attach additional sheets as necessary ******